# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DWAYNE ANTHONY TUCKER, SR,
        Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
PH-0845-14-0658-I-1

DATE: October 16, 2014

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Dwayne Anthony Tucker, Sr.</u>, Essex, Maryland, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction based upon the Office of Personnel Management's (OPM's) statement that it would rescind its reconsideration decision. For the reasons discussed below, we GRANT the appellant's petition

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant applied for retirement under the Federal Employees' Retirement System and began receiving interim annuity benefits in September 2012. Initial Appeal File (IAF), Tab 6 at 17, 26-29. In its initial decision, OPM stated that it had issued an overpayment concerning the previously issued interim benefits. OPM also informed the appellant that it would collect the overpayment by withholding installments from future monthly annuity payments. *Id.* at 16-17. OPM informed the appellant of his right to request reconsideration within 30 days. *Id.* The appellant contacted OPM via telephone regarding the initial decision more than 30 days after its issuance. *Id.* at 9. In response, OPM issued a reconsideration decision finding both that the appellant's request for reconsideration was untimely and that he provided no basis for waiving the overpayment based on financial hardship. *Id.* at 9-10. OPM began withholding the installments from the appellant's annuity benefits. *Id.* at 12.

¶3    The appellant submitted a timely Board appeal arguing that OPM was negligent in calculating his interim benefits and that repayment would cause him financial hardship. IAF, Tab 1. In response, OPM stated that its reconsideration decision was incorrect because it did not specify that the interim benefits overpayment resulted when the appellant became entitled to Social Security Administration benefits. IAF, Tab 6 at 4. OPM therefore indicated its intent to rescind the reconsideration decision, requested dismissal of the appeal, and stated that it would issue a new reconsideration decision. *Id.* Based upon OPM's representation that it would rescind the reconsideration decision, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision.

¶4      On petition for review, the appellant argues that recovery of the overpayment is causing him financial hardship and requests that he be returned to the financial state that he was in prior to the discovery of the overpayment. Petition for Review (PFR) File, Tab 1. In response, OPM indicates that it issued a new initial decision following the administrative judge's dismissal to which the appellant has not responded. PFR File, Tab 4 at 4. OPM also attaches its new initial decision. PFR File, Tab 4 at 6-8. In reply, the appellant argues that OPM should be required to return the amount of money that it has already withheld. PFR File, Tab 5.

¶5      The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In particular, if OPM rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). An exception to this rule exists, however, when OPM has rescinded its decision but has failed to restore the appellant to the status quo ante. In such cases, the Board will retain jurisdiction. *Id.*, ¶ 10.

¶6      In this case, although OPM states that it rescinded the reconsideration decision, it submits no evidence concerning reimbursement to the appellant of previously withdrawn funds. PFR File, Tab 4. On review, the appellant states that OPM indeed has not returned the funds to him. PFR File, Tab 5 at 4. We therefore find that OPM has failed to establish that it returned the appellant to the status quo ante. Accordingly, the appeal remains within the Board's jurisdiction. *See Martin*, 119 M.S.P.R. 188, ¶ 10.

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.